**INVENTIVE IP, PPLC**
**The Law Office of Robert J. McGee**
Robert J. McGee (AZ SBN 031728)
Mail to: 111 E. Dunlap Ave., Ste. 1-617
Phoenix, AZ 85020
(602) 718-1265
mcgee@InventiveIP.com
*Attorney for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# COUNTY OF MARICOPA

| | |
|---|---|
| SKIN BY KM, LLC, an Arizona Limited Liability Company, | No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| CURATEMD SKIN BAR LLC, an Arizona Limited Liability Company; CURATEMD SKIN BAR AT CHANDLER LLC, an Arizona Limited Liability Company; JOHN DOE and JANE DOE, husband and wife; JOHN DOES and JANE DOES I-X; ABC CORPORATIONS I-X; and BLACK and WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS, I-X, | JURY TRIAL REQUESTED |
| Defendants. | Assigned to Hon. _____ |

Plaintiff Skin by KM, LLB d/b/a "Curated Medical" ("Plaintiff" or "Curated Medical"), by and through undersigned counsel, seeks relief against CurateMD Skin Bar LLC ("CurateMD 1"), and CurateMD Skin Bar At Chandler LLC ("CurateMD 2") and other named parties (collectively "Defendants" or "CurateMD") for the causes stated below. In support of this action, Plaintiff alleges upon information and belief the following:

1

## PARTIES AND JURISDICTION

1. Plaintiff is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona.

2. Upon information and belief, CurateMD 1 is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona.

3. Upon information and belief, CurateMD 2 is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona.

4. Upon information and belief, fictitiously named defendants, JOHN DOE and JANE DOE, husband and wife, at all times relevant to the instant action, were and are residents of an unknown location.

5. Upon information and belief, fictitiously named defendant JOHN DOE was acting on behalf of his sole and separate property, and for the benefit of, the marital community comprised of himself and Defendant Jane Doe, whose true name will be inserted upon discovery thereof; The marital community of John Doe and Jane Doe are, therefore, liable for the acts and omissions of John Doe, as alleged herein.

6. Upon information and belief, fictitiously named defendant ABC CORP. is, and at times relevant to this Complaint was, an unknown entity authorized to do business in an unknown location.

7. That the true names, capacities, and/or relationship, whether individual, corporate, partnership, or otherwise, of JOHN DOES and JANE DOES I-X, their respective wives, inclusive, and each of them, ABC CORPORATIONS I-X; and BLACK and WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS, I-X are unknown to

Plaintiffs, who therefore sue said Defendants by such fictitious names, and each of them. Plaintiffs are informed and believes, and therefore alleges, that each of the Defendants designated herein, were either joint tortfeasors and/or jointly and severally legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to Plaintiffs as herein alleged.

8. That at all times herein mentioned, Defendants, and each of them, were the agents and employees of each of the remaining Defendants, including those fictitiously named, and were at all times acting within the purpose and scope of said agency and employment, and each Defendant has ratified, consented, and approved the acts of his agent.

9. Except as stated otherwise below, all acts and omissions which comprise the basis of this pleading took place in or around Maricopa County, Arizona.

10. This Complaint is properly filed in respect to an actual controversy of which this Court has original jurisdiction pursuant to 28 U.S.C. §1331; namely, one or more claims under the Lanham Act (15 U.S.C. §§ 1051 *et seq.*).

11. This Court has jurisdiction over claims arising under state law pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. §1367(a).

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391

**FACTUAL BACKGROUND**

13. Plaintiff incorporates by reference all allegations set forth in the preceding paragraphs as though fully set forth herein.

14. Plaintiff began operating in or around April of 2016 in the business of providing cosmetic and wellness services and providing related goods.

15. Plaintiff has continuously operated in Arizona under the name "Curated Medical" ("Plaintiff's Mark") since at least as early as March, 2021.

16. Plaintiff is the registered owner of the U.S. Trademark bearing the registration number 7483572 having the literal element "CURATED MEDICAL".

17. Plaintiff's services are and have been in the nature of upmarket medical spa services, including but not limited to administration microneedling, threading, botox, fillers, facials, skin treatments, and semaglutides, as well as providing professional advice and supervision of the administration of said treatments.

18. Plaintiff's goods are and have been in the nature of upmarket personal care goods including but not limited to luxury skincare, moisturizers, sunscreen, acne treatments, sun damage treatments, cleansers, serums, and oil treatment pads, as well as providing professional advice on the use of said goods.

19. Plaintiff is the owner of the Arizona registered trade name for "Curated Medical" as a trade name via the office of the Arizona Secretary of State bearing the file I.D. number 9197842.

20. Plaintiff operates and has been operating the website bearing the URL, "curatedmedical.com", since on or about March 9, 2022.

21. Plaintiff additionally operates a website bearing the URL "curatedmed.com".

22. Plaintiff additionally maintains social media bearing Plaintiff's Mark and advertising Plaintiff's goods and services; such social includes active Facebook, Instagram, and Pinterest accounts.

23. The aforesaid statements are not exhaustive; Plaintiff has further invested in various other advertising and marketing campaigns not fully set forth herein.

24. Over the past several years, Plaintiff has made six-figure investments and expended substantial efforts to promote the "Curated Medical" brand as a trademark for its goods and services.

25. As a result of Plaintiff's investments, consistent attention to the quality of services, "Curated Medical" has become well-known as an indicator of Plaintiff's goods and services in Arizona, particularly in the Valley area and especially in the competitive Scottsdale area market for cosmetics and wellness services.

**SUBJECT MATTER OF CONTROVERSY AND ACTS CONCERNING THIS COMPLAINT**

26. Plaintiff incorporates by reference all allegations set forth in the preceding paragraphs as though fully set forth herein.

27. Upon information and belief, Defendants began operating under the name "CurateMD" (the "Infringing Brand") no earlier than April, 2022.

28. In the field of medical spa services and goods, the term "MD" is commonly understood to be an abbreviation for "Medical Doctor" and to relate to medical goods and services.

29. Defendants' use of the Infringing Brand "CurateMD" is confusingly similar to Plaintiff's Mark "Curated Medical".

30. Indeed, Plaintiff has become aware of actual confusion in the market caused by Defendant's use of the Infringing Brand.

31. One instance of confusion, in a Google review from approximately April, 2024, a reviewer complained of unsatisfactory, substandard lip performed by one "Nicole NP" and one satisfactory instance of a "Physique" treatment by one "Lynette" at Plaintiff's place of business.

32. Despite the assertions set forth by the reviewer in the aforesaid Google review, no one named Lynette or Nicole worked for Plaintiff at that time, and Plaintiff did not offer any treatments under the brand "Physique".

33. In another instance of confusion, in or about May of 2023, an individual called Plaintiff via telephone, asking to speak to "Nicole". As previously stated, no one named "Nicole" works for Plaintiff.

34. Upon information and belief, "Nicole" refers to a certain Nicole Kent, an employee working for Defendants.

35. In another instance of confusion, Plaintiff brought on a skincare line under the brand "Skinbetter". A sales representative for this brand visited Plaintiff's location in person. This sales representative stated that she had been confused about Plaintiff's location.

36. Upon information and belief, after Plaintiff requested an in-person discussion of the Skinbetter line, the aforesaid Skinbetter sales representative had searched

6

for Plaintiff's address electronically in order to visit in person, only to find both Plaintiff's and Defendant's addresses.

37. The sale representative, confused and unable to easily distinguish between the two, was forced to call Plaintiff's office to determine which was the correct address.

38. In another instance of confusion, on or about August 11, 2023, a prospective patient scheduled an appointment with Plaintiff via Plaintiff's Instagram advertisement. Upon arriving for her appointment, the prospective patient expressed confusion at being scheduled for her appointment at the "further" location rather than the "closer" one. Plaintiff has only one location.

39. When Plaintiff requested clarification of the "closer" location in the preceding example, the prospective patient cited an address belonging to Defendant.

40. In another instance of confusion in or around late May, 2024, an unknown man entered Plaintiff's place of business to trying to sell PDO threads. This man was under the apparent and incorrect belief that Curated Medical was affiliated with the "Track Club".

41. Upon information and belief, the "Track Club" referred to a gym in Phoenix.

42. Curated Medical is not affiliated with any business called the "Track Club".

43. Upon information and belief, CurateMD is associated or affiliated with the Track Club.

44. Upon information and belief, this aforesaid instance of confusion was caused by CurateMD's affiliation with the Track Club.

45.     In another instance of confusion, a prospective patient seeking fillers, upon information and belief, scheduled an appointment with CurateMD.

46.     The aforesaid prospective patient initially communicated with Plaintiff on or about June 22, 2023. After a subsequent exchange of texts and a voice call, on or about July 12, 2023, this prospective patient sent a text to Plaintiff which indicated in relevant part that she already had scheduled a consultation with "Morgan" for July 21.

47.     No individual named "Morgan" worked for Plaintiff at that time.

48.     Upon information and belief, the aforesaid prospective patient had become confused with CurateMD and scheduled a consultation with that practice.

49.     In another instance of confusion, on or about August 23, 2024, a prospective patient called from an unrecognized number referring to a nonexistent appointment.

50.     This aforesaid prospective patient claimed to have an appointment scheduled for August 24, 2024. After speaking with Plaintiff's receptionist for several minutes without being able to match any scheduled appointment to that individual, the prospective patient hung up to try to call the correct number.

51.     Upon information and belief, the aforesaid prospective patient had become confused between Curated Medical and CurateMD.

52.     The preceding examples of actual confusion are illustrative and do not comprise an exhaustive recitation.

53.     Indeed, besides the specific instances of confusion shown above, Plaintiff has experienced that searching for Curated Medical in online map and review services

including Apple Maps, Google Maps, Yelp, and others will yield results displaying both Curated Medical and CurateMD.

54. These aforesaid examples and other examples of actual confusion in the market damage Plaintiff and dilute the goodwill associated with Plaintiff's Mark by causing potential patients to be wrongfully directed to Defendants.

55. Upon information and belief, these known and suspected instances of confusion indicate a high likelihood of many more instances of confusion unknown to Plaintiff at this time.

56. Upon information and belief, Defendant is at least constructively aware of other instances of actual confusion.

57. These aforesaid examples and other examples of actual confusion in the market damage Plaintiff and dilute the goodwill associated with Plaintiff's Mark by causing past, present, or prospective wrongful, substandard, dissatisfactory, or otherwise inadequate acts or omissions by Defendants to be wrongfully attributed to Plaintiff.

58. These aforesaid wrongful attributions of acts and omissions to Plaintiff yet further damage Plaintiff and dilute the goodwill associated with Plaintiff's Mark in those instances in which a patient of Defendant publishes a review online falsely attributing such acts and omissions to Plaintiff.

59. Plaintiff is further constrained to act, and has so acted, to mitigate the effects of such confusion by regularly monitoring online message boards hosting reviews of Plaintiff's business and attempting to correct such confusion as quickly as possible.

60. Upon information and belief, Defendant is at least constructively aware of the difficulty and expense required to mitigate the effects of such confusion.

61. Plaintiff has demanded that Defendants cease and desist in the use of the Infringing Brand since at least as early as October 2023, but Defendant has refused.

62. In the course of making Plaintiff's demands, Plaintiff cited several instances of actual confusion to Defendant; consequently, Defendant is aware of at least some instances of actual confusion.

63. In spite of the aforesaid knowledge, Defendant has knowingly, willfully, and intentionally continued to use Defendant's Brand.

64. Defendant's continued intentional and wrongful use of Defendant's Brand has caused and continues to caused confusion in the market and diluted Plaintiff's Brand.

65. Accordingly, Plaintiff is entitled to relief as appropriate for each cause of action set forth below.

## FIRST CAUSE OF ACTION

**Federal Trademark Infringement per 15 U.S.C. 1114 *et seq.***

66. Plaintiff incorporates by reference all allegations set forth in the preceding paragraphs as though fully set forth herein.

67. Plaintiff is the owner of the registered trademark "CURATED MEDICAL" bearing the registration number 7483572.

68. Defendant's Brand "CurateMD" is confusingly similar to Plaintiff's Mark "Curated Medical".

69. Upon information and belief Defendants are aware that Plaintiff holds

interest in and ownership of Plaintiff's Mark.

70. Plaintiff has firsthand knowledge of multiple instances of actual confusion between Plaintiff's Mark and Defendant's Brand, as set forth in the preceding sections of this Complaint.

71. Upon information and belief, Defendants are aware of actual confusion in the market between Defendant's Brand and Plaintiff's Mark.

72. In spite of Defendant's knowledge of actual confusion and the obvious confusing similarity of Defendant's Brand to Plaintiff's Mark, Defendant continues to use Defendant's Brand.

73. Defendant's actions constitute willful infringement under the Lanham act.

74. Defendants' aforesaid actions have damaged Plaintiff and will continue to damage Plaintiff, causing confusion in the market, dilution of Plaintiff's Mark, and damaging Plaintiff's goodwill in the market unless enjoined by this court.

75. Defendants' aforesaid acts are greatly and irreparably damaging to Plaintiff and will continue to inflict irreparable damage unless enjoined by this Court; without this result, Plaintiff is without adequate remedy.

## SECOND CAUSE OF ACTION

**Arizona State Statutory Trademark Dilution per 44 A.R.S 1448.01**

76. Plaintiff incorporates by reference all allegations set forth in the preceding paragraphs as though fully set forth herein.

77. Plaintiff is the owner of state trade name rights for the term "Curated Medical".

78. Plaintiff is the owner of common law rights to the term "Curated Medical" for the medical spa goods and services in Arizona.

79. Plaintiff has invested considerably into the use of the "Curated Medical" mark for the aforesaid goods and services.

80. Plaintiff has invested considerably into advertising and publicity of the "Curated Medical" mark for the aforesaid goods and services.

81. Due to the effect of these aforesaid acts, Plaintiff's "Curated Medical" mark has acquired distinctiveness within at least the State of Arizona.

82. Plaintiff's "Curated Medical" mark is a famous mark in the State of Arizona.

83. Defendant's Brand, "CurateMD", is confusingly similar to and likely to cause confusion with Plaintiff's Mark, "Curated Medical".

84. Defendant's Brand, "CurateMD", is likely to dilute Plaintiff's "Curated Medical" trademark.

85. Defendant's Brand, "CurateMD", is marketed in the same channels for similar services as Plaintiff's "Curated Medical" mark.

86. The aforesaid confusion is likely to cause, and has actually caused, actual mistake by persons as to the affiliation, connection, or association between Defendants and Plaintiff.

87. Upon information and belief, Defendant is aware of the aforesaid confusion and dilution of Plaintiff's "Curated Medical" mark.

88. Upon information and belief, Defendant has continued to willfully act in such a way as to cause confusion and dilution of Plaintiff's "Curated Medical" mark.

89. The aforesaid confusion is likely to cause, and has actually caused, dilution of Plaintiff's trademark.

90. The aforesaid confusion is likely to cause, and has actually caused, actual confusion and mistake by persons as to the origin, sponsorship or approval of the goods, services or commercial activities offered by Plaintiff under the "Curated Medical" mark.

91. Defendants' aforesaid acts are greatly and irreparably damaging to Plaintiff and will continue to inflict irreparable damage unless enjoined by this Court; without this result, Plaintiff is without adequate remedy.

## THIRD CAUSE OF ACTION

**Common Law Unfair Competition as authorized under 44 A.R.S. 1452**

92. Plaintiff incorporates by reference all allegations set forth in the preceding paragraphs as though fully set forth herein.

93. Plaintiff has invested substantial money and effort into the development of goodwill associated with Plaintiff's Mark since 2020.

94. Plaintiff's efforts have resulted in substantial recognition in the market in Arizona, particularly in the Valley area and especially in the competitive Scottsdale market for wellness and cosmetic treatments and goods.

95. Plaintiff's efforts have resulted in a substantial online footprint associated with Plaintiff's Mark.

96. Upon information and belief, Defendant is aware of Plaintiff's interest in Plaintiff's Mark.

97. Defendant's Brand is confusingly similar to Plaintiff's Mark.

98. Defendant's Brand has caused and continues to cause substantial confusion, mistake, or deception of the public as to the association of Defendant's Brand, Plaintiff's Mark, and the entities and affiliates of Defendant and Plaintiff.

99. Defendants' aforesaid acts enable and will continue to enable Defendants to obtain the benefit of and trade on the goodwill of Plaintiff.

100. Defendants' aforesaid acts damage and will continue to damage Plaintiff's goodwill in that Plaintiff does not have control over the business and services of Defendants.

101. Defendants' aforesaid acts have resulted in and will continue to result in unjust enrichment of Defendants.

102. Defendants' aforesaid acts are greatly and irreparably damaging to Plaintiff and will continue to inflict irreparable damage unless enjoined by this Court; without this result, Plaintiff is without adequate remedy.

## FOURTH CAUSE OF ACTION

### State Trade Name Infringement per 44 A.R.S. 1460.05

103. Plaintiff is the owner of the Arizona state trademark registration bearing the file number 9197842.

104. Defendant's Brand, "CurateMD", is confusingly similar to and likely to cause confusion with Plaintiff's Mark, "Curated Medical".

105. Defendant's Brand, "CurateMD", is a colorable imitation of Plaintiff's "Curated Medical" mark.

106. The aforesaid confusion is likely to cause, and has actually caused, actual

mistake by persons as to the affiliation, connection, or association between Defendants and Plaintiff.

107. The aforesaid confusion is likely to cause, and has actually caused, actual mistake by persons as to the origin, sponsorship or approval of the goods, services or commercial activities offered by Plaintiff, the owner of the registered mark.

108. Defendants' aforesaid acts are greatly and irreparably damaging to Plaintiff and will continue to inflict irreparable damage unless enjoined by this Court; without this result, Plaintiff is without adequate remedy.

## CONCLUSION

WHEREFORE, Plaintiffs request judgment against Defendants, and each of them, as follows:

A. For damages in the amount to be proven at trial, amounting to Plaintiff's profits garnered under the CurateMD mark since its first use by Defendants and treble damages for willful infringement where applicable, but in any event no less than $300,000;

B. For pre-judgment and post-judgment interest on the awarded sum at the highest rate allowed by law, until paid in full.

C. For a decree enjoining and restraining Defendant's from all further use of Defendant's Brand and any other mark confusingly similar to or a colorable imitation of Plaintiff's Mark.

D. For a decree ordering Defendants to immediately destroy, and to certify destruction of, any articles bearing Defendant's Brand and any other mark confusingly similar to or a colorable imitation of Plaintiff's Mark.

E. For Plaintiff's reasonable attorneys' fees and costs incurred in this matter, pursuant to 18 USC §§ 2520 & 2707 as well as 15 USC §1117(a).

F. For all reasonable post-judgment costs and attorneys' fees incurred by Plaintiff in pursuing collection of its judgment, subject to review of this Court as to their reasonableness under the standards governing the award of attorney fees.

G. For the continuing jurisdiction of this Court to review and determine the reasonableness of any post-judgment costs and attorneys' fees sought by Plaintiff and to enforce judgments by appropriate means under the Federal Rules.

H. For any other relief as the Court may deem just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 28th day of October, 2024.

                              **INVENTIVE IP, PLLC**
                              **The Law Office of Robert J. McGee**

                              /s/ Robert J. McGee
                              Robert J. McGee, Esq.
                              *Attorney for Plaintiff*

ELECTRONICALLY FILED
this 28th day of October, 2024.

By:   /s/ Robert J. McGee